**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-23114-BLOOM/Louis**

HARVEY C. BROOKS, III,

    Plaintiff,
v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff filed this action on July 28, 2020, *see* ECF No. [1], generating a **October 26, 2020**, service deadline. *See* Fed. R. Civ. P. 4(m). On August 28, 2020, the Court entered an Order to File Proof of Service, ECF No. [10] ("Order"), noting that as of that date, a summons had not been issued as to Defendant and that "service has not been perfected or waived." The Court also noted that Plaintiff had filed on July 28, 2020 a Notice of a Lawsuit and Request to Waive Service of a Summons, ECF No. [4]. In the Order, the Court cautioned Plaintiff that the "[f]ailure to effectuate service of a summons and the complaint on Defendant by the stated deadline will result in dismissal without prejudice and without further notice."

On August 31, 2020, Plaintiff filed a "Proof of Service," ECF No. [11]; however, the filing stated that it "served" the Complaint, the Notice of a Lawsuit and Request to Waive Service of a Summons, but there was no accompanying signed waiver of service by Defendant nor a summons. The docket entry, moreover, reflects that no summons had been issued at that time. *Id.* On September 28, 2020, a summons was issued, ECF No. [12], and on October 13, 2020, Defendant filed its notice of appearance. ECF No. [13].

Based on the record, Plaintiff has not properly served Defendant pursuant to Rules 4(i) and 4(c), Fed. R. Civ. P. (requiring that service on the United States be made by delivering a "copy of the summons and of the complaint" and that a "summons must be served with a copy of the complaint"). *See also Marcus v. Postmaster Gen., U.S. Postal Serv. Se. Area*, 461 F. App'x 820 (11th Cir. 2011) (affirming dismissal of *pro se* complaint for failing to serve defendant in compliance with Rules 4(i) and 4(m) of the Federal Rules of Civil Procedure); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (holding that plaintiff failed to properly effect service where plaintiff "served [defendant] by mailing a copy of the summons without attaching a copy of the complaint" and explaining that "Federal Rule of Civil Procedure 4(c) provides that service of process shall be effected by serving a summons '*together with a copy of the complaint*. . . . within the time allowed under [Rule 4(m)] . . . by any person *who is not a party* and who is at least 18 years of age.' A defendant's actual notice is not sufficient to cure defectively executed service.") (emphasis in original; internal citation omitted). In fact, in the United States' Scheduling Report and Discovery Plan, ECF No. [15] ("Scheduling Report"),[1] it represents that it has conferred with Plaintiff "on numerous occasions" and explained to him that he "did not effect proper service of the summons and complaint" because he sent a complaint that "was not accompanied by a summons" to the United States Attorney's Office. *Id.* at 1-2.

As noted in the Order, Plaintiff's failure to effectuate "service of a summons and the complaint" on Defendant by October 26, 2020 "will result in dismissal without prejudice and without further notice." ECF No. [10]. Rule 4(m), moreover, directs that a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified

---

[1] In the Scheduling Report, Defendant requests that Plaintiff be given until November 16, 2020 to properly serve the United States, and Plaintiff requests that Defendant be given until December 12, 2020 to file an answer or motion to dismiss. ECF No. [15] at 3.

time" if a defendant is not served within 90 days after the complaint is filed. *Id.* The Court, accordingly, is justified to dismiss this case without prejudice at this time. However, because Plaintiff is proceeding *pro se*, he has been in contact with Defendant (who has appeared and submitted filings), and Defendant has not argued that it has been prejudiced by Plaintiff's actions, the Court concludes that Plaintiff shall be granted an extension to properly serve Defendant in accordance with Rule 4, Fed. R. Civ. P., and the Order. *See Marcus*, 461 F. App'x at 822 (explaining that district court did not abuse its discretion in dismissing action for failure to properly serve defendant within time requirements of Rule 4(m) where court informed plaintiff that service was not in compliance with Rule 4(i) and it had granted a one month extension to properly perfect service even though plaintiff "never offered any good cause for extending the time for service of process").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff must serve Defendant in accordance with Rule 4, Fed. R. Civ. P., by **December 3, 2020**.
2. Within **seven (7) days** of perfecting service upon Defendant or receipt of Defendant's executed waiver of service, Plaintiff shall file proof of such service or waiver with the Court.
3. Failure to effectuate service of a summons and the complaint on Defendant by the stated deadline will result in dismissal without prejudice and without further notice.
4. Defendant shall answer or otherwise respond to the Complaint within **sixty (60) days** of proper service of the Complaint.

Case No. 20-cv-23114-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 3, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record