**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-23114-BLOOM/Louis**

HARVEY C. BROOKS, III,

    Plaintiff,
v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss, ECF No. [20] ("Motion"). Plaintiff filed a response in opposition, ECF No. [31] ("Response"), to which Defendant filed a reply, ECF No. [32] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.     BACKGROUND**

According to the Complaint, ECF No. [1] (the "Complaint"), Plaintiff has been employed by the Department of Veterans Affairs as an IT Specialist, GS-11 since 2007. *Id.* at ¶ 11. He is African American, and has been diagnosed with anxiety, adjustment disorder, and PTSD. *Id.* at ¶¶ 12-15. He alleges that his impairments interfere with his major life activities, and he has filed EEO complaints in 2009, 2010, 2013, 2014, 2016, 2018, and 2019. *Id.* at ¶¶ 17-22. Plaintiff's first level supervisor, Mr. Sargent, became aware of Plaintiff's prior EEO complaints in 2013, and Plaintiff's second level supervisor, Mr. Brooks, was named as the responsible management official in Plaintiff's 2016 EEO complaint. *Id.* at ¶¶ 6-7, 18-19.

Plaintiff asserts that based on his race, disabilities, and his prior EEO activities, he was discriminated and retaliated against on six occasions: (1) beginning on October 25, 2017, Mr. Sargent denied Plaintiff's request for full-time telework; (2) on August 2, 2018, Mr. Brooks issued Plaintiff a Letter of Reprimand for disrupting the work environment and for improper use of government equipment; (3) on November 5, 2018, Mr. Sargent and Mr. Brooks denied Plaintiff's request to attend a virtual Security Plus training; (4) on March 27, 2019, Mr. Brooks "verbally counseled;" (5) on April 23, 2019, Plaintiff was not selected for an IT Specialist GS-12 position; and (6) Plaintiff's April 29, 2019 request for FMLA leave was delayed but later approved in the last week of May 2019. *Id.* at ¶¶ 23-28. Plaintiff contends that other similarly situated individuals were "treated more favorably." *Id.* at ¶¶ 28-34. His lawsuit is brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; the Family Medical Leave Act, 29 U.S.C. § 207 *et* seq.; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq. Id.* at 1; ¶ 1. He seeks relief including immediate reinstatement to the GS-12 IT Specialist position with full-time telework, lost wages, and compensation for mental harm and pain and suffering. *Id.* at ¶ 41.

Defendant now moves to dismiss the Complaint, arguing that Plaintiff has combined 36 potential claims into a single count and, separately, the Court lacks jurisdiction over his claims under the FMLA. ECF No. [20]. Regarding the latter, Defendant maintains that the United States has not waived sovereign immunity for lawsuits brought under Title II of the Family Medical Leave Act, thus divesting the Court of subject matter jurisdiction over those claims. *Id.* at 5-6. Plaintiff responds that his Complaint only alleges six claims and that he "defer[s]" to the Court whether it has jurisdiction over his FMLA claims. ECF No. [31].

The Motion, accordingly, is ripe for consideration.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (*quoting Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *see Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative

explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*quoting Iqbal*, 556 U.S. at 682, 129 S.Ct. 1937).

A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and the attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (*citing Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

### B.  Rule 12(b)(1)

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F.Supp.2d 1255, 1256–57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges

the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x. 879, 880 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

### C. *Pro se* Litigants

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants. [The *pro se* litigant] must, for example, abide by local rules governing the proper form of pleadings." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). Further, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8," *Sanders v. United States*, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic

imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller*, 541 F.3d at 1100.

### III. DISCUSSION

#### A   No jurisdiction over FMLA claims

According to Defendant, the Court lacks jurisdiction to hear any claims arising under the Family Medical Leave Act. ECF No. [20] at 5-6. Plaintiff does not clearly oppose Defendant's arguments, but rather defers this determination to the Court. ECF No. [31]. Upon review, the Court agrees with Defendant that it lacks subject matter jurisdiction over claims under the FMLA.

The FMLA authorizes an eligible employee to take up to twelve weeks of unpaid leave annually for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." *Hurlbert v. St. Mary's Health Care Sys., Inc.,* 439 F.3d 1286, 1293 (11th Cir.2006). An employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" that right. *Id.*

Employees are covered under either Title I or Title II of the FMLA. *Cavicchi v. Sec'y of Treasury*, No. 04–10451, 2004 WL 4917357, at *6 (11th Cir. Oct.15, 2004). "Title I of the FMLA affords various rights to employees and provides for private actions against employers for alleged violations of the FMLA. 29 U.S.C. § 2617. Federal employees are not covered by Title I of the FMLA but instead by Title II, which affords similar protections but different remedies. *See* 5 U.S.C. § 6381, *et seq.* Title I expressly provides for a private right of action; Title II does not contain such a provision." *Baldwin v. Shinseki*, No. 1:12-CV-58-MP-GRJ, 2012 WL 4466331, at *1 (N.D. Fla. May 9, 2012), *report and recommendation adopted*, No. 1:12-

CV-00058-MP-GRJ, 2012 WL 4466327 (N.D. Fla. Sept. 27, 2012). The United States Court of Appeals for the Eleventh Circuit, agreeing with the Ninth and Fourth Circuits, has explained that

> the absence of an express authorization [of a private right of action] precludes [a federal employee's] FMLA claim for retaliation because the United States Supreme Court has held that the sovereign immunity of the United States may only be waived through an "unequivocal" expression of Congressional intent to do so.

*Cavicchi*, 2004 WL 4917357, at *6 (citing *Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir.1999) ("[T]he absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions.") ; *see also Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997) ("No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA.")).

Here, it is undisputed that Plaintiff is a federal employee and his purported FMLA claims are governed by Title II. Because there is no unequivocal waiver of sovereign immunity, the Court agrees with Defendant that the Court lacks subject matter jurisdiction over these claims. *See, e.g.*, *Baldwin*, 2012 WL 4466331, at *2 ("this Court lacks subject matter jurisdiction of Plaintiff's FMLA claims because the United States has not . . . waived its sovereign immunity with respect to FMLA claims by federal employees."); *Robinson v. Shinseki*, No. 8:13-CV-1268-T-33EAJ, 2013 WL 5720336, at *8 (M.D. Fla. Oct. 21, 2013) (dismissing Title II FMLA claim for lack of jurisdiction); *Burkhart v. Chertoff*, No. 206CV690FTM99DNF, 2009 WL 32888, at *2 (M.D. Fla. Jan. 6, 2009) (dismissing FMLA claim "because the United States has not unequivocally waived sovereign immunity for a Title II claim"). Accordingly, the Motion is granted on this point.

### B.     Shotgun pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001). The Eleventh Circuit Court of Appeals has identified four categories of shotgun pleadings, stating

> [t]hough the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006). Courts in this district and the Eleventh Circuit have warned litigants that shotgun pleadings tend to "impede the orderly, efficient and economic disposition of disputes as well as the court's overall ability to administer justice." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1336 (S.D. Fla. 2010) (citing *Byrne*, 261 F.3d at 1128–31 (11th Cir.

8

2001)); *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.10 (11th Cir. 2002) (expounding the various ways in which shotgun pleadings harm the courts and other litigants). "Generally, when 'a more carefully drafted complaint' might state a claim, the plaintiff must be given a chance to amend before dismissal." *Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951, 955 (11th Cir. 2019) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). "However, the district court need not provide such an opportunity where the plaintiff has repeatedly failed to cure deficiencies in his complaint through previous amendments or where amendment would be futile." *Id.* (quoting *Bryant*, 252 F.3d at 1163).

Here, removing his proposed claims under the FMLA, Plaintiff attempts to assert causes of action under the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 based on two types of harms (retaliation and discrimination) and with regard to six discrete acts. These alleged violations are all contained within one count. According to Plaintiff, he brings six counts, not 36 as proposed by Defendant. ECF No. [31]. Upon review, the Court finds that the instant Complaint operates as a shotgun pleading. At its core, the Complaint commingles multiple statutory violations, implicating different theories of liability, into a single count. Defendant, therefore, correctly points out that the individual grounds for liability for each specific incident remain unclear. For instance, the Complaint does not specify which alleged statute(s) applies to each discrete incident nor does it clearly plead the specific method of wrongdoing for each incident. As Defendant notes in the Reply, Plaintiff fails to clarify "whether he is alleging that his employer discriminated against him based on race *or* disability *or both* when it, for example, denied him telework opportunities, reprimanded him for improper use of a government computer, and failed to promote him." ECF No. [32] at 2. Compounding this unclarity, while Plaintiff alleges that other similarly situated individuals were treated more favorably than him, he only uses race and prior EEO activity as his bases for comparison but not disability. *See* ECF No. [1] at ¶¶ 29-34. Further,

five of the six comparators involve only the GS-12 promotion, and the comparator mentioned for improper verbal counseling is the same race as Plaintiff. Thus, the Court agrees that it is uncertain as to what specific claims are at issue in this case and on the bases they rest.

Consistent with this Order, Plaintiff must set forth discrete counts (each founded on a single statutory cause of action), alleging the manner of statutory violation (discrimination or retaliation) and the purported basis for the wrongdoing (for example, race, disability, and/or EEO activities) for each alleged violation.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [20]**, is **GRANTED**. Plaintiff shall file an amended complaint by **January 19, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 7, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Harvey C. Brooks, III
637 NW 99th Terrace
Coral Springs, FL 33071
321-243-6312
Email: hcbrooks@att.net