UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23114-BLOOM/Louis

HARVEY C. BROOKS, III,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Counts II and VI of the Amended Complaint, ECF No. [37] ("Motion"). Plaintiff filed a response in opposition, ECF No. [38] ("Response"), to which Defendant filed a reply, ECF No. [39] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part.

**I.  BACKGROUND**

*Pro se* Plaintiff initiated this action on July 28, 2020, ECF No. [1] ("Complaint"), which he amended on January 14, 2021, ECF No. [36] ("Amended Complaint"), pursuant to this Court's Order, ECF No. [35].[1] Plaintiff's Amended Complaint purports to assert various claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

---

[1] On January 7, 2021, this Court granted Defendant's Motion to Dismiss the Complaint, ECF No. [20], and ordered Plaintiff to amend his Complaint to clearly set forth the legal claims he was asserting. ECF No. [35]. Specifically, the Court instructed Plaintiff to "set forth discrete counts (each founded on a single statutory cause of action) alleging the manner of statutory violation (discrimination or retaliation) and the purported basis for the wrongdoing (for example, race, disability, and/or EEO activities) for each alleged violation." *Id.* at 10.

42 U.S.C. § 2000d *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq. See generally* ECF No. [36].

According to the Amended Complaint, Plaintiff has been employed by the Department of Veterans Affairs as an IT Specialist, 2210-GS-9/11 since 2007. *Id.* at ¶ 11. He is African American, and has been diagnosed with anxiety, adjustment disorder, and PTSD. *Id.* at ¶¶ 12-15. He alleges that his impairments interfere with his major life activities, and he has filed EEO complaints in 2009, 2010, 2013, 2014, 2016, 2018, and 2019. *Id.* at ¶¶ 16-17, 20-22. Plaintiff's first level supervisor, David Sargent ("Mr. Sargent"), has been aware of Plaintiff's EEO complaints since 2013, and Plaintiff's second level supervisor, Anthony Brooks ("Mr. Brooks"), was named as the responsible management official in Plaintiff's 2009, 2010, and 2016 EEO complaints. *Id.* at ¶¶ 6-7, 18-19.

Plaintiff asserts that based on his race, disabilities, and his prior EEO activities, he was discriminated and retaliated against on six occasions: (1) on October 25, 2017, Mr. Sargent denied Plaintiff's request for full-time telework; (2) on August 2, 2018, Mr. Brooks issued Plaintiff a Letter of Reprimand for disrupting the work environment and for improper use of government equipment; (3) on November 5, 2018, Messrs. Sargent and Brooks denied Plaintiff's request to attend a virtual Security Plus training; (4) on March 27, 2019, Mr. Brooks "verbally counseled" Plaintiff; (5) on April 17, 2019, Plaintiff was not selected for an IT Specialist GS-12 position; and (6) Mr. Brooks delayed Plaintiff's April 29, 2019 request for FMLA leave, but later approved it in the last week of May 2019. *Id.* at ¶¶ 23-28. Plaintiff alleges that other individuals were "[t]reated [m]ore [f]avorably." *Id.* at ¶¶ 29-34. Plaintiff seeks relief in the form of immediate placement to the GS-12 IT Specialist position that he sought, along with full-time telework, reasonable accommodation based on his disability, lost wages, and compensation for mental harm and pain and suffering. *Id.* at ¶ 41.

In the instant Motion, Defendant highlights that the Amended Complaint fails to set forth each claim in individual counts and, "[f]or the Court's convenience," has "assigned numbers to each claim in the Amended Complaint." ECF No. [37] at 1, n.1. Notably, Defendant discerns twelve counts in the Amended Complaint (Counts I-IV, racial discrimination under Title VII; Counts V-IX retaliation under Title VII; Counts X-XII, discrimination under the Rehabilitation Act), and seeks dismissal of only Counts II and VI—racial discrimination and retaliation arising from Messrs. Sargent and Brooks' denial of Plaintiff's request to attend the virtual Security Plus training. *Id.* at 1-2. In his Response, Plaintiff explains that "[w]hat Defendant calls 'Count II' and 'Count VI' are in fact the same Count[,]" and avers that his claims are sufficiently pled. ECF No. [38] at 2-3.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.

Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

**B.  *Pro se* Litigants**

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants. [The *pro se* litigant] must, for example, abide by local rules governing the proper form of pleadings." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). Further, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's

duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8," *Sanders v. United States*, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller*, 541 F.3d at 1100.

### III. DISCUSSION

#### A. Shotgun pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). The Eleventh Circuit Court of Appeals has identified four categories of shotgun pleadings:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which

> acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). Courts in this district and the Eleventh Circuit have warned litigants that shotgun pleadings tend to "impede the orderly, efficient and economic disposition of disputes as well as the court's overall ability to administer justice." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1336 (S.D. Fla. 2010) (citing *Byrne*, 261 F.3d at 1128-31 (11th Cir. 2001)); *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.10 (11th Cir. 2002) (expounding the various ways in which shotgun pleadings harm the courts and other litigants).

"Generally, when 'a more carefully drafted complaint' might state a claim, the plaintiff must be given a chance to amend before dismissal." *Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951, 955 (11th Cir. 2019) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). "However, the district court need not provide such an opportunity where the plaintiff has repeatedly failed to cure deficiencies in his complaint through previous amendments or where amendment would be futile." *Id.* (quoting *Bryant*, 252 F.3d at 1163). As such, dismissal of a shotgun pleading with prejudice for a repeated pleading defect is warranted where the plaintiff was previously given an opportunity to amend the complaint to correct the defect, but failed to do so. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000); *Isbrandtsen Marine Servs., Inc. v. M/V INAGUA Tania*, 93 F.3d 728, 734 (11th Cir. 1996).

At the outset, the Court notes that Plaintiff's Amended Complaint again fails to set forth his claims in accordance with federal pleadings standards. It appears that Plaintiff attempts to assert causes of action under the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 based on two types of harms (retaliation and discrimination) and with regard to six discrete acts. However, as with the original complaint, the Amended Complaint commingles multiple statutory violations, implicating different theories of liability, into one single count. In other words, the Amended Complaint "is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322-23.

For example, Defendant assigns numbers to each claim of the Amended Complaint and discerns twelve separate causes of action.[2] In his Response, Plaintiff vehemently opposes Defendant's numbering and maintains that "[w]hat Defendant calls 'Count II' and 'Count VI' are in fact the same Count" articulated in the Amended Complaint as follows:

> On November 5, 2018, David Sargent and Anthony Brooks [no relation to Plaintiff] denied Plaintiff's [Harvey Brooks'] request to attend the virtual Security Plus training based on Plaintiff's race and based on [his] prior protected EEO activities in violation of Title VII Civil Rights Act of 1964.

ECF No. [38] at 2 (citing ECF No. [36] ¶ 25) (alterations in original).

The Amended Complaint is a perfect example of a shotgun pleading. "Although the [A]mended [C]omplaint enumerates the legal rights of which [Plaintiff] was allegedly deprived . . . it does not separate his claims by cause of action [or] draw any clear lines between the legal and factual bases for his claims[.]" *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019). As pled, it is unclear how many specific claims are at issue in this case and the basis on which they

---

[2] Defendant seeks dismissal of only "Count II" and "Count VI" of the Amended Complaint—respectively, racial discrimination and retaliation based on the November 5, 2018 denial of Plaintiff's request to attend the virtual Security Plus training.

rest.³ Thus, the Amended Complaint constitutes a shotgun pleading warranting dismissal on its own. *See Stevens*, 215 F.3d at 1239; *see also Toth*, 788 F. App'x at 691 (concluding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's amended complaint as an improper shotgun pleading after the plaintiff failed to correct the pleading deficiencies from the original complaint).

The Court is nonetheless mindful of the fact that Plaintiff is proceeding *pro se* and is therefore entitled to some leniency. Accordingly, consistent with this Order, Plaintiff is directed to file a "Second Amended Complaint" that sets forth each of his claims for relief in separately numbered counts. Each count shall separately identify the statutory cause of action, the manner of the statutory violation, and the purported basis for the wrongdoing.

### B. Title VII Racial Discrimination Claim

Title VII makes it unlawful for an employer to discriminate against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a *prima facie* case of racial discrimination, a plaintiff must allege the following: "(1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citation omitted).

In the Amended Complaint, Plaintiff alleges that his employer discriminated against him on the basis of race when Messrs. Sargent and/or Brooks: (1) issued him a letter of reprimand; (2) denied his request to attend the virtual Security Plus training; (3) denied him a promotion to the IT Specialist GS-12 position; and (4) delayed his request for FMLA leave. ECF No. [36] ¶¶ 24-25, 27-28. In the Motion, Defendant interprets each act as a discrete count, *see* ECF No. [37] at 2

---

³ Compounding this pleading deficiency, five of the six comparators involve only the GS-12 promotion, and the comparator mentioned for improper verbal counseling is the same race as Plaintiff.

(labeling discriminatory acts as Counts I-IV), and maintains that Plaintiff has failed to allege a racial discrimination claim only with respect to Count II—*i.e.*, Messrs. Sargent and Brooks' denial of Plaintiff's request to attend the virtual Security Plus training—because "[n]owhere in his Amended Complaint does [Plaintiff] allege that his employer treated similarly situated employees outside his class more favorably[.]" *Id.* at 3. In his Response, Plaintiff seemingly concedes this claim fails to plead a necessary element for racial discrimination, but nonetheless argues that "[d]iscovery must be authorized in order to inquire into the similarly situated individuals within and without the protected class" who were given the opportunity to attend the virtual Security Plus training. ECF No. [38] at 2.

Based on the Court's review of the Amended Complaint, it is unclear whether Plaintiff is asserting four discrete causes of action based upon each purportedly racially discriminatory occasion. ECF No. [36] ¶¶ 24-25, 27-28. However, to the extent Defendant's interpretation is correct, the Amended Complaint does not sufficiently state a claim for racial discrimination based upon Messrs. Sargent Brooks' denial of Plaintiff's request to attend the virtual Security Plus training alone. Indeed, lacking in the Amended Complaint are any factual allegations that lend an inference that Plaintiff's race played a role in his employer's decision to deny his attendance request, or that similarly situated individuals outside Plaintiff's class were given the opportunity to attend.[4] Additionally, as Defendant correctly notes, Plaintiff "cannot use discovery to rectify a defective claim or to investigate a theory to which he lacks a factual basis." ECF No. [39] at 2. *See Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748-49 (11th Cir. 2013) ("Rules 8(a) and 9(b) are pleading standards which apply *before* the discovery period begins and cannot be relied upon

---

[4] While Plaintiff alleges that other similarly situated individuals were treated more favorably than him, the six comparators involve only the GS-12 promotion or the purportedly improper verbal counseling. ECF No. [36] ¶¶ 29-34.

9

to defeat a motion to dismiss for failure to state a claim." (citation omitted) (emphasis in original));

*see also Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.").

Nonetheless, as described in detail above, the Court cannot sufficiently evaluate Plaintiff's racial discrimination claim(s) as alleged, and must not rewrite the Amended Complaint for the sake of helping *pro se* Plaintiff navigate past Defendant's Motion. Plaintiff, however, is afforded one last opportunity to cure the Amended Complaint consistent with the Court's guidance set forth herein.

C. **Title VII Retaliation Claim**

Defendant next argues that Count VI of the Amended Complaint[5] should be dismissed because Plaintiff has failed to allege an essential element of his retaliation claim—namely, causation. To state a retaliation claim under Title VII, Plaintiff must allege sufficient facts showing: "(1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010) (citing *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008)). "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated." *Simpson v. Alabama Dept. of Human Resources*, No. 7:12-cv-02467-RDP, 2012 WL 5873553, at *4 (N.D. Ala. Nov. 16,

---

[5] Plaintiff alleges that Defendant retaliated against him, in violation of Title VII, on five separate occasions. *See* ECF No. [36] ¶¶ 24-28. As with Plaintiff's claims for racial discrimination, Defendant numbers each retaliatory act as a separate claim, and only challenges the sufficiency of Plaintiff's retaliation claim with respect to "Count VI"—*i.e.*, Messrs. Sargent and Brooks' denial of Plaintiff's request to attend the training. *See* ECF No. [37] at 2 (labeling each act as Counts V-IX).

2012) (quoting *Gupta v. Fla. Bd. of Regents*, 212 F. 3d 571, 590 (11th Cir. 2000)). This causal element is broadly construed. *See Higdon v. Jackson*, 393 F. 3d 1211, 1220 (11th Cir. 2004).

Defendant argues that the Amended Complaint fails to allege a causal connection between Plaintiff's EEO complaints and Messrs. Sargent and Brooks' denial of Plaintiff's request to attend the virtual Security Plus training. ECF No. [37] at 4-5. In his Response, Plaintiff contends that temporal proximity to establish causation is sufficiently alleged because the Amended Complaint states that: (1) Mr. Sargent "became aware of Plaintiff's prior EEO complaints since 2013" and "was named a responsible management official in [Plaintiff's] complaints[;]" (2) and Mr. Brooks "was named as the responsible management official in Plaintiff's 2009, 2010, and 2016 EEO complaints." ECF No. [36] ¶¶ 18-19.

As with the racial discrimination claim, it is unclear whether Plaintiff is asserting five separate counts for retaliation. However, focusing only on the November 5, 2018 occasion, Plaintiff has sufficiently pled a causal connection between his protected activity and his employer's actions. Contrary to Defendant's interpretation of the word "since," the Amended Complaint alleges that Mr. Sargent was aware of Plaintiff's EEO complaint filed on September 6, 2018, and on November 5, 2018—just two months later—Mr. Sargent, along with Mr. Brooks, denied Plaintiff's request to attend the virtual Security Plus training. *Id.* ¶¶ 18, 21.

Defendant fails to cite to case law that supports its position that the Amended Complaint fails to allege causation as a matter of law based on the facts alleged. Indeed, the cases relied upon by Defendant are of limited utility, as they involve failures to establish causation at summary judgment or trial, or are otherwise easily distinguishable. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (discussing causation based on temporal proximity in the context of summary judgment); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (same); *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (same); *Ayubo v.*

11

*City of Edgewater*, No. 6:08-cv-1197-Orl-31GJK, 2009 WL 113381, at *3 (M.D. Fla. Jan. 16, 2009) (despite the low threshold required to plead causation, plaintiff failed to provide defendant with any notice of a causal link). Accordingly, to the extent Plaintiff is asserting a cause of action for retaliation based upon the November 5, 2018 denial of his request to attend the virtual Security Plus training, Plaintiff has sufficiently alleged a causal link by demonstrating a close temporal relationship between his EEO complaint and his employer's allegedly retaliatory conduct.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [37]**, is **GRANTED IN PART**. Consistent with this Order, Plaintiff shall file a Second Amended Complaint by **April 14, 2021**. Plaintiff is cautioned that failure to file the Second Amended Complaint on time and in compliance with this Court's Order may result in dismissal of the action.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 31, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Harvey C. Brooks, III
637 NW 99th Terrace
Coral Springs, FL 33071
Email: hcbrooks@att.net