UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23114-BLOOM/Louis

HARVEY C. BROOKS, III,

  Plaintiff,

v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

  Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Second Amended Complaint, ECF No. [42] ("Motion"), filed on April 6, 2021. Plaintiff filed a response in opposition, ECF No. [43] ("Response"), to which Defendant filed a reply, ECF No. [44] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

The Court assumes the parties' familiarity with the factual and procedural background of this case. ECF Nos. [35] & [40]. In the instant Motion, Defendant seeks dismissal of the Second Amended Complaint, ECF No. [41], on the sole basis that Plaintiff has failed to comply with the Court's orders and instructions on how to file a complaint in conformity with the requirements of Federal Rules of Civil Procedure 8 and 10. Specifically, on March 31, 2021, the Court entered an Order granting Defendant's Motion to Dismiss because the Amended Complaint, among other factors, qualified as an impermissible shotgun pleading. ECF No. [40]. In the Order, the Court instructed Plaintiff "to file a 'Second Amended Complaint' that sets forth each of his claims for

relief in separately numbered counts" and that "[e]ach count shall separately identify the statutory cause of action, the manner of the statutory violation, and the purported basis for the wrongdoing." ECF No. [40] at 8; *see also* ECF No. [35] (dismissing Plaintiff's initial complaint on the same basis).

The Court has reviewed the Second Amended Complaint and finds that it is not subject to dismissal. While the pleading's structure may not fully comply with this Court's Orders, Plaintiff has sufficiently set forth his claims for relief against Defendant, and the basis for those claims. Indeed, while Plaintiff could have pleaded his claims in a better fashion, "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Weiland v. Palm Beach Ctny. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015). As plead, Defendant can certainly understand "what they were alleged to have done and why they were liable for doing it." *Id.*

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [42]**, is **DENIED**. Defendant shall file an Answer to the Second Amended Complaint **no later than May 27, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 17, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Case No. 20-cv-23114-BLOOM/Louis

Copies to:

Counsel of Record

Harvey C. Brooks, III
637 NW 99th Terrace
Coral Springs, FL 33071